CADES SCHUTTE
A Limited Liability Law Partnership

ALLISON MIZUO LEE        7619
NICOLE K. C. YAMANE      11495
P.O. Box 1205
Lihue, Hawaii  96766
Telephone: (808) 521-9330
Email: alee@cades.com
        nyamane@cades.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| The Estate Trust known as CAROLYN ZEMECKIS,<br><br>          Plaintiff,<br><br>   vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>          Defendant. | CIVIL NO. _____<br>(Other Civil Action)<br><br>Removed from Circuit Court of the Fifth Circuit, State of Hawai'i Civil No. 5CCV-25-0000066<br><br>**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S NOTICE OF REMOVAL OF ACTION; EXHIBITS A TO C; CERTIFICATE OF SERVICE** |

**DEFENDANT SELECT PORTFOLIO SERVICING,
INC.'S NOTICE OF REMOVAL OF ACTION**

Defendant SELECT PORTFOLIO SERVICING, INC. ("**SPS**"), through its undersigned counsel, hereby gives notice of the removal of *Zemeckis v. Select Portfolio Servicing, Inc., et al.*, Civil No. 5CCV-25-0000066 (the "**State Court Action**") from the Circuit Court of the Fifth Circuit, State of Hawai'i (the "**State Court**") to the United States District Court for the District of Hawai'i. Removal is based upon 28 U.S.C. §§ 1331, 1332 and 1441. As grounds for removal, SPS states as follows:

## I.      PLEADINGS AND PROCEEDINGS

1.      On July 1, 2025, *pro se* Plaintiff "The Estate Trust known as Carolyn Zemeckis" ("**Plaintiff**") filed a Complaint against Defendant SPS, Inc. in State Court, but did not serve SPS with the Complaint or a Summons. Plaintiff subsequently filed numerous documents in the State Court, including a Motion for Summary Judgment, filed on July 11, 2025 ("**Plaintiff's MSJ**").

2.      On August 6, 2025, Plaintiff filed a Verified Complaint for Damages – Special Appearance on August 6, 2025 (the "**8/6/25 Complaint**") and a Summons. A true and correct copy of the 8/6/25 Complaint and Summons is attached to this Notice as **Exhibit A**.

3.      Plaintiff served SPS with the 8/6/25 Complaint and Summons on August 12, 2025.

2

4.     On August 26, 2025, the State Court entered an order denying Plaintiff's MSJ without prejudice for lack of service of the Complaint and Summons.  Exhibit B-2.

5.     True and correct certified copies of every process, pleading, or order served on SPS in this action to date, other than the 8/6/25 Complaint and Summons attached as Exhibit A, are attached to this Notice as **Exhibits B-1 to B-4**.

## II.     <u>REMOVAL JURISDICTION</u>

6.     As required by 28 U.S.C. § 1441, SPS seeks to remove this case to the United States District Court for the District of Hawai'i, the District Court embracing the place where the State Court Action was filed.

7.     A Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) if it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is base."

8.     SPS was served with the 8/6/25 Complaint on August 12, 2025.  This Notice of Removal has thus been "filed within 30 days after the receipt by the defendant" of the initial pleading.

9.     In accordance with 28 U.S.C. § 1446(d), SPS will provide contemporaneous written notice of this Notice of Removal to all adverse parties (i.e. Plaintiff) and to the Clerk of the State Court.

10.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question) and/or 28 U.S.C. § 1332(a) (Diversity of Citizenship) as set forth below.

### A.     FEDERAL QUESTION

11.     The 8/6/25 Complaint alleges violations of the following federal statutes: "FDCPA (15 U.S.C. § 1692 et seq)", "RESPA (12 U.S.C. §2605)", and "TILA (15 U.S.C. § 1640)".  Ex. A at ¶ 2.

12.     Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1331.

### B.     DIVERSITY OF CITIZENSHIP

13.     Plaintiff's case is fully diverse and therefore can be removed to this Court.

14.     **Plaintiff's Citizenship.**   The named Plaintiff is "The Estate Trust known as CAROLYN ZEMECKIS".  Ex. A.  The introductory paragraph of the "Verified Complaint for Damages-Special Appearance" states that Carolyn Zemeckis is a "living woman" who is the "Trustee and Authorized Representative of the estate trust known as CAROLYN ZEMECKIS".  *Id.*  Where, as here, "a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes."  *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S.

4

378, 383 (2016) (citing *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 462–466 (1980)).

15.     Upon information and belief, and as supported by the documents attached to the 8/6/25 Complaint and her use of a mailing address in Kapaa, Hawaii, SPS alleges that Carolyn Zemeckis' domicile is Hawaii and that she intends to indefinitely remain in Hawaii.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (explaining that person's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return").

16.     Plaintiff is therefore a resident and citizen of Hawaii for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (providing that an individual is a citizen of the state in which he is domiciled); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013) (explaining that, for removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

17.     **SPS's Citizenship.**  SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah.  For purposes of diversity jurisdiction, SPS is a citizen of Utah.  28 U.S.C. § 1332(c)(1).

18.      No other parties are named in the 8/6/25 Complaint.

19.    In sum, Plaintiff's citizenship (Hawaii) and SPS's citizenship (Utah) is sufficiently diverse to make this case removable under 28 U.S.C. § 1332.

20.    **Amount in controversy**. A defendant may remove a state court action to federal court if the defendant establishes, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional amount. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Cal. N.A. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is "not daunting" and "a removing defendant is *not* obligated to research, state, and prove the plaintiffs' claims for damages." *Ray v. Wells Fargo Bank, N.A.*, No. CV 11–01477 AHM (JCx), 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011).

21.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that Plaintiff will prevail on every one of her claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")). If

necessary, the Court may even look beyond the complaint to determine whether the amount in controversy is met. *See Abrego*, 443 F.3d at 690.

22.    The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000. The prayer for relief in the 8/5/25 Complaint states that Plaintiff seeks:

a. Return of all unlawfully obtained payments: **$356,532.74**
b. Matched compensatory damage: **$33,000** for 15 months of fraudulent monthly statements + 18 months of fraudulent credit bureau reporting
c. Treble damages (under 15 U.S.C. § 1640 & common law fraud): **$1,168,598.22**
d. Emotional distress, reputational harm **$150,000**
e. Declaratory and injunctive relief.

Ex. A at ¶ 4 (emphasis added).

23.    The "declaratory and injunctive relief" sought by Plaintiff is to have the mortgage deemed satisfied based on a "Trust-Backed Promissory Note" manufactured by Plaintiff in the principal sum of $855,597.81 dated 25 April 2025. *See* Ex. A at p. 28 ("Trust-Backed Promissory Note" at page 3 of 10 of "Lawful Tender for Full Settlement").

24.    Moreover, according to public tax records, a true and correct copy of which is attached hereto as **Exhibit C**, the real property that secures the mortgage loan that SPS services was assessed as being worth far in excess of $75,000 in 2025.

25.     Although SPS denies that Plaintiff is entitled to any relief, the foregoing demonstrates that the amount in controversy in this action far exceeds $75,000, exclusive of interest and costs, and that the amount in controversy requirement is therefore met.

26.     Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and SPS; and (2) it is more likely than not that the damages Plaintiff seeks exceed the $75,000 jurisdictional threshold.

## III.   <u>VENUE</u>

27.     This is a civil action brought in a Hawaiʻi state court.  The events allegedly giving rise to this action occurred within this judicial district. Accordingly, because the State Court Action is pending in the Circuit Court of the Fifth Circuit, State of Hawaiʻi, SPS is entitled, under 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the District of Hawaiʻi.

28.     Pursuant to 28 U.S.C. § 1446(d), SPS shall promptly file a notice with the clerk in the Circuit Court of the Fifth Circuit, State of Hawaiʻi, where this action was commenced, and SPS shall promptly serve Plaintiff with this Notice of Removal as well as the notice to be filed in the Hawaiʻi State Court.

DATED:  Lihue, Hawai'i, August 29, 2025.

CADES SCHUTTE
A Limited Liability Law Partnership

/s/ *Allison Mizuo Lee*
ALLISON MIZUO LEE
NICOLE K.C. YAMANE

Attorneys for Defendant
SELECT PORTFOLIO SERVICING,
INC.

9